# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BROOKS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CURTIS RIGNEY, *et al.*,<br><br>　　　　Defendants. | Case No.: 2:23-cv-00982-GMN-NJK<br><br>**Report and Recommendation** |

Plaintiff's address is incorrect. *See* Docket Nos. 33, 34, 34, 36, 37, 40, 41, 43, 45 (mail returned as undeliverable). "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). To that end, the Court's local rules requires a *pro se* party to "immediately file with the court written notification of any change of mailing address." Local Rule IA 3-1. The rule expressly warns that "failure to comply with this rule may result in the dismissal of this action." *Id*.

On December 12, 2024, the Court ordered Plaintiff to file a notice of changed address by January 13, 2025. Docket No. 39. Plaintiff failed to do so. *See* Docket. On January 16, 2025, the Court ordered Plaintiff to file a notice of changed address by January 31, 2025. Docket No. 44. Plaintiff, once again, failed to do so. *See* Docket. The Court's orders warned Plaintiff that if he "fail[ed] to timely comply with this order, this action will be subject to dismissal without prejudice" and that "failure to comply with this order may result in dismissal of this case." Docket Nos. 39 at 1, 44 at 1 (emphasis in the original).

Further, in anticipation of the Court's settlement conference, Plaintiff was twice ordered to submit his settlement statement. Docket Nos. 32, 42. Plaintiff failed to comply with the Court's orders.

1

Plaintiff has disobeyed the Local Rules and the Court's orders to update his address, and further disobeyed the Court's orders to submit his settlement statement. Plaintiff's failure to update his address, his violation of the Local Rules, and his disobedience of Court orders are abusive litigation practices that have interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has refused to comply with the orders of this Court notwithstanding the Court's warnings that case-dispositive sanctions may be imposed.

Accordingly, in light of the circumstances outlined above, the Court **RECOMMENDS** that this case be **DISMISSED** without prejudice.

IT IS SO ORDERED.

Dated: March 3, 2025

Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).